# In the United States Court of Federal Claims

|  |  |
|---|---|
| II JOHN WOOD, ) | |
| ) | |
| Plaintiff, ) | No. 16-1383C |
| ) | (Filed: May 5, 2022) |
| v. ) | NOT FOR PUBLICATION |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Michael D.J. Eisenberg, Law Office of Michael D.J. Eisenberg, Washington, DC, for Plaintiff.

Michael D. Austin, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, DC, with whom were L. Misha Preheim, Assistant Director, Patricia M. McCarthy, Director, and Brian M. Boynton, Acting Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Chief Judge**

Few cases before this Court have been marred by as much inexcusable delay and as many missed deadlines (followed by lame excuses) as this one. The dilatory course charted by Plaintiff's counsel, Michael D.J. Eisenberg, which culminated in a failure to respond to a show cause order, led the Court eventually to dismiss the case. Now Plaintiff urges the Court to reconsider. Plaintiff's motion is **DENIED**.

## BACKGROUND

The Court has twice ordered Plaintiff to show cause why his case, which challenges his discharge from the United States Navy and his disability rating, should not be dismissed for failure to prosecute and to comply with the Court's orders. See June 28, 2021 Order ("2021 Show Cause Order"), ECF No. 73; Mar. 23, 2022 Order ("2022 Show Cause Order"), ECF No. 84. Those orders detail the procedural delays in this case. Rather than repeat that history in full here, the Court summarizes below the events most pertinent to the present motion.

On March 23, 2022, the Court issued its most recent show cause order. See 2022 Show Cause Order. The Order was prompted in large part by Plaintiff's failure to comply with a scheduling order under which Plaintiff was required to file a motion for judgment on the

administrative record ("MJAR") by February 22, 2022. See Order ("Scheduling Order"), ECF No. 81.

Although the February 22, 2022 deadline was one that both parties proposed the Court adopt, see Joint Status Report, ECF No. 80, Plaintiff did not file his MJAR or any other document on that date. Instead, some three weeks later, on March 15, 2022, Plaintiff moved for an extension of time to file the MJAR. See Mot. for Extension of Time, ECF No. 83. In the motion, Mr. Eisenberg claimed, vaguely, that the reason he had not filed either a timely MJAR or motion for an enlargement of time was because he had "confused docket filings" and "erred in his calendaring of this matter." Id. at 1. Mr. Eisenberg proposed filing Plaintiff's MJAR in five weeks—nearly two months after the Court's original deadline. Id. at 2; see also Scheduling Order.

This was not the first time that Mr. Eisenberg made this mistake. He had made the same one a year earlier when he failed for almost three weeks even to recognize that he had missed the deadline for filing an earlier MJAR, see Order, ECF No. 65—a deadline which had already been extended by four weeks at Plaintiff's request, see ECF Nos. 60, 62–63—and blamed the oversight on an error "in updating his calendar," ECF No. 64. In that instance, Mr. Eisenberg seemed entirely oblivious to the missed deadline until the Court contacted him to see whether he intended to file his pleading. See Order at 1, ECF No. 65. The Court nonetheless gave Plaintiff more time to file his MJAR, see id. at 2, but when he did so, it was not a finished product, see generally Pl.'s MJAR, ECF No. 66. The Court allowed Mr. Eisenberg to file a completed MJAR several days later. See ECF Nos. 67, 68.

The government subsequently filed its cross-MJAR, after also filing a motion for an enlargement of time (albeit in a timely fashion, unlike Mr. Eisenberg). See ECF Nos. 69, 70, 72. The Court, in granting-in-part the government's request for more time, cautioned counsel for both parties that it would not entertain further motions for enlargements of time, and it directed Plaintiff to file his response brief no later than June 11, 2021. Order, ECF No. 70. Plaintiff again missed his filing deadline. And, as before, Plaintiff appeared unaware that the deadline had passed. The Court waited more than two weeks after Plaintiff's response brief was due and, hearing nothing from Plaintiff in that time, issued a show cause order on June 28, 2021. See 2021 Show Cause Order.

Mr. Eisenberg responded to the 2021 Show Cause Order the same day with a two-paragraph "Initial Response," in which he apologized for missing the filing deadline but seemed to place some responsibility for the error on the government, the Court, and the Court's electronic filing system. See Initial Resp. to Order to Show Cause, ECF No. 74. Mr. Eisenberg claimed that he was misled by the notice of electronic filing for the government's cross-MJAR. Id. at 1 n.1. The caption apparently stated that Plaintiff's response brief was due June 18, 2021, not June 11, 2021, as provided in the Court's scheduling order. Id.; see ECF No. 74-2 (notice of electronic filing); Order, ECF No. 70 (directing Plaintiff to file his response brief no later than June 11, 2021). But the erroneous due date did not supersede the Court's scheduling order and was corrected on June 8, 2021. At any rate, Plaintiff did not file his response brief on June 18, 2021, or on any other date. Mr. Eisenberg also suggested that he was somehow unable to file Plaintiff's response brief because neither the government nor the Court had addressed Plaintiff's pending motion to supplement the administrative record. See Initial Resp. to Order to

Show Cause at 2. The Court found these explanations inadequate to justify Plaintiff's delays. <u>See</u> Order at 1–2, ECF No. 77.

Nonetheless, the Court decided not to dismiss Plaintiff's case, a decision "born of respect for [Plaintiff's] service to the United States." <u>Id.</u> at 2. Instead, it remanded the case to the Board for Correction of Naval Records ("BCNR") to consider the effect of a decision by the Court of Appeals for Veterans Claims that the Court, rather than counsel, had found and identified as relevant and potentially helpful to Plaintiff's case. <u>Id.</u> at 2–3.

Following the BCNR's decision on remand, ECF No. 79, the Court directed the government to supplement the administrative record and the parties to file MJARs, <u>see</u> Scheduling Order. As it had done throughout this case, the Court impressed upon the parties its continued frustration with their delays, warning them "that no extensions of time shall be granted absent extraordinary circumstances and that motions for extension filed after the due date of a pleading <u>will be denied</u>." <u>Id.</u> (emphasis added); <u>see also, e.g.</u>, Order, ECF No. 58 (noting that "counsel have requested numerous extensions of time, and have several times failed to meet the Court's filing deadlines"); Order at 1, ECF No. 63 (explaining that the Court "will not grant any future requests for enlargement of the schedule . . . absent extraordinary circumstances"); Order, ECF No. 65 (admonishing Mr. Eisenberg "that it is not the Court's job to remind [him] that his brief is overdue" and stating further that "Plaintiff's failure to timely file his motion . . . shall result in the issuance of an order to show cause why his complaint should not be dismissed for failure to prosecute"); 2021 Show Cause Order at 2 ("[Mr. Eisenberg's] continued failure to comply with the Court's deadlines and his disregard for the Court's expressed concerns about . . . the repeated delays in this case are inexcusable."); Order at 2, ECF No. 77 (explaining that Mr. Eisenberg "twice failed to timely file briefs and each time appeared not to realize the deadline had passed . . . notwithstanding that this Court has regularly reminded counsel that it was dissatisfied with the slow pace of this litigation"). The Court then awaited Plaintiff's MJAR on February 22, 2022. <u>See</u> Scheduling Order.

When Plaintiff moved for an extension of time on March 15, 2022, weeks after his filing deadline, the Court, true to its word, denied it and directed Plaintiff to show cause by April 4, 2022, why his case should not be dismissed. <u>See</u> 2022 Show Cause Order. That deadline, too, came and went without a response.

On April 5, 2022, the Court dismissed Plaintiff's case with prejudice for failure to prosecute and to comply with the Court's orders, pursuant to Rule 41(b) of the Rules of the Court of Federal Claims ("RCFC"). Order ("Order of Dismissal"), ECF No. 85. Later that day, Plaintiff filed a notice in which Mr. Eisenberg claimed that he did not receive email notification of the 2022 Show Cause Order. Resp. to Court's April 05, 2022, Order ("Pl.'s Initial Resp."), ECF No. 87. He urged the Court, "as a matter of justice," to permit him to respond to the Order and to allow Plaintiff's case to proceed. <u>Id.</u> at 2. On April 12, 2022, Mr. Eisenberg doubled down on these assertions in a motion for relief from judgment under RCFC 60(b) and for reconsideration under RCFC 59(a). <u>See</u> Mot. to Reconsider/Reopen Case, ECF No. 88 ("Pl.'s Mot.").

On April 27, 2022, the Court held an oral argument on Plaintiff's Motion, which the Court will now deny for the reasons set forth below.

## DISCUSSION

### I.     Motion for Relief Under RCFC 60(b)

Plaintiff's principal argument in support of his motion is that Mr. Eisenberg did not receive notification that the 2022 Show Cause Order had been issued until after this case was dismissed and that Plaintiff's failure to respond to the Order was therefore excusable. See Pl.'s Initial Resp. at 1; Pl.'s Mot. at 1–3, 7–8. Plaintiff further argues that the government would not be prejudiced by allowing his case to proceed. Pl.'s Mot. at 6–8. The Court, however, is skeptical of Mr. Eisenberg's claim that he did not receive an email notification of the 2022 Show Cause Order, and, in any event, it finds that he has provided no justification for the Court to reconsider its Order of Dismissal.

RCFC 60(b) states that a court "may relieve a party . . . from a final judgment, order, or proceeding" for any of several reasons, including: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Plaintiff seeks relief under both RCFC 60(b)(1) and (6). See Pl.'s Mot. at 1–2, 6.

As an initial matter, the Court notes that RCFC 60(b)(1) and 60(b)(6) are "mutually exclusive." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993).[1] It is well established, therefore, that a party cannot obtain relief under RCFC 60(b)(6) when its motion implicates other clauses of RCFC 60(b). See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988) (explaining that relief under Federal Rule of Civil Procedure 60(b)(6) is unavailable when the motion is "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)"). Because Plaintiff seeks relief under RCFC 60(b)(1) based on Mr. Eisenberg's mistakes and neglect in prosecuting Plaintiff's case, see Pl.'s Mot. at 1–2, 6, Plaintiff cannot obtain relief under RCFC 60(b)(6) for the same errors, see Liljeberg, 486 U.S. at 863; Brewer v. United States, No. 19-284T, 2021 WL 2368156, at *4 (Fed. Cl. June 9, 2021) (explaining that parties are "unable to obtain relief from judgment premised on inadvertence and neglect under both RCFC 60(b)(1) and 60(b)(6)").

Under RCFC 60(b)(1), courts balance four factors in deciding whether a party's neglect was "excusable": "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Moczek v. Sec'y of Health & Hum. Servs., 776 F. App'x 671, 673–74 (Fed. Cir. 2019) (alterations in original) (quoting Pioneer Inv., 507 U.S. at 395). "[A]t bottom," the determination of whether neglect is excusable is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv., 507 U.S. at 395.

---

[1] RCFC 60(b) mirrors Federal Rule of Civil Procedure 60(b), and the Court therefore relies on cases interpreting Federal Rule of Civil Procedure 60(b) in applying RCFC 60(b). Cf. Haggart v. United States, 89 Fed. Cl. 523, 529 (2009) (citing King v. United States, 84 Fed. Cl. 120, 122 n.2 (2008)).

As noted above, Mr. Eisenberg contends that he never received the 2022 Show Cause Order and that Plaintiff's failure to respond to it by the April 4, 2022 deadline was therefore excusable. See Pl.'s Initial Resp. at 1; Pl.'s Mot. at 1–3, 7–8. The Court finds this explanation implausible. The Court of Federal Claims' electronic filing system recognizes when a notice is successfully transmitted to a party—as it did on March 23, 2022, at 11:14 a.m., when notice of the Court's filing of the 2022 Show Cause Order was successfully delivered to Mr. Eisenberg's email address. Mr. Eisenberg apparently received every other electronic notice in this case (including the Court's order dismissing it), Oral Arg. at 8:45–9:24, and has a history of failing to comply with Court-ordered deadlines, see, e.g., ECF Nos. 64, 73, 83.

Further, even accepting as true Mr. Eisenberg's claim that he did not receive email notification, Plaintiff's failure to respond to 2022 Show Cause Order remains inexcusable. Counsel has an obligation to monitor the docket. See Moczek, 776 F. App'x at 674 n.3 (explaining that counsel who failed to respond to the court's orders "had an obligation to monitor the docket," "[e]ven if counsel did not receive email notification of the orders"); cf. Lutsenko v. Pshnka, 282 F.R.D. 5, 7–8 (D.D.C. 2012) (denying relief under Federal Rule of Civil Procedure 60(b)(1) and explaining that counsel was obligated to monitor the docket and respond to the court's filing deadlines even though he "never personally registered to receive notice" from the court's electronic filing system). Mr. Eisenberg's failure to do so was especially egregious here, where the Court had advertised its frustration with the parties' delays and warned counsel in plain terms that it would deny "motions for extension filed after the due date of a pleading." See, e.g., Scheduling Order. Notwithstanding that warning, Plaintiff filed a motion for an enlargement of time three weeks after his MJAR was due. See id.; ECF No. 83. And then he never bothered to check the docket to see if an extension had been granted, or for how long. Mr. Eisenberg had to have known that his motion would not be well received. If Mr. Eisenberg had checked the docket, he would have seen that the Court denied the motion on March 23, 2022, and granted Plaintiff nearly two weeks to show cause why his case should not be dismissed. See 2022 Show Cause Order.

More important still is Plaintiff's failure to file his MJAR by the February 22, 2022 deadline. It was this violation that finally prompted the Court to issue the 2022 Show Cause Order, yet Mr. Eisenberg has not provided a reason for this delay except to state in Plaintiff's March 15, 2022 motion for an enlargement of time that he "erred in his calendaring of this matter" and "confused docket filings": "he thought incorrectly a subsequent Order was still necessary to confirm the dates – confusing [ECF No.] 81 as a proposed Order combined with Defendant's filing of [ECF No.] 82." See Mot. for Extension of Time at 1, ECF No. 83. Mr. Eisenberg elaborated on this explanation in a "Statement of Compliance" that he attached to Plaintiff's Motion, in which he claimed that he was confused about the Scheduling Order because of a combination of "the New Year, family medical issues, travel for said family, COVID, and [his] work." See Statement of Compliance at 1, ECF No. 88-2.

As the Court explained previously, Mr. Eisenberg's justification is insufficient to warrant relief. See 2022 Show Cause Order. Mr. Eisenberg may have been distracted from his obligations at the time the Court issued its scheduling order, but that does not explain why he thought the order was not controlling or why he did not at least add the February 22, 2022 filing deadline to his calendar. See Scheduling Order.

Mr. Eisenberg has well over a decade of experience representing veterans in cases like this one. See Statement of Compliance at 1. Moreover, he writes and presents on lawyers' effective use of technology, including, among many topics, the risks of relying on electronic calendars and other technology to meet filing deadlines. See Michael D.J. Eisenberg, Monday, MTC – To Error Is Human, Technology Is Not Devine!, The Tech Savvy Lawyer (Apr. 18, 2022), https://www.thetechsavvylawyer.page/blog/2022/4/18/monday-mtc-your-tech-is-only-as-good-as-the-information-you-put-into-itdont-miss-deadlines-because-of-human-error. The Court therefore has no reason to conclude that Plaintiff would have offered good cause not to dismiss his case, even if he had responded in time to the 2022 Show Cause Order.

Plaintiff also argues that the government will not be prejudiced if the Court grants relief under RCFC 60(b)(1), Pl.'s Mot. at 6–7, and notes that "the case has been briefed," Pl.'s Initial Resp. at 2. The Court disagrees. To be sure, Plaintiff has filed MJARs before in this case, albeit after seeking numerous extensions of time and ignoring a filing deadline, see ECF Nos. 32–37, 60, 62–68, and Plaintiff filed his most recent MJAR seven weeks overdue with the present motion, see Pl.'s Am. MJAR, ECF No. 88-3. But the parties have never advanced beyond the first round of briefing, and the Court has no confidence that, were the case to be reopened, Mr. Eisenberg would file Plaintiff's response brief on time. At the same time, the government would have to expend time and resources preparing a cross-MJAR and, eventually, perhaps, replying to Plaintiff's response brief.

Ultimately, the Court places significant weight on the fact that Mr. Eisenberg has been unable to justify—or even adequately explain—Plaintiff's repeated delays in this case. See Moczek, 776 F. App'x at 674 (explaining that a party's inability to offer "good reasons for [its] delay . . . has often been held to be fatal to Rule 60(b) relief" (citing 11 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 2858 (3d ed. 2010 & Supp. 2019))). The Court concludes that Plaintiff's repeated failures to comply with the deadlines in this case resulted from Mr. Eisenberg's lack of care and are inexcusable.

## II.    Motion for Reconsideration Under RCFC 59(a)

Plaintiff also argues that the Court's decision to dismiss his case was manifestly unjust because it punishes him for Mr. Eisenberg's failure to respond to the 2022 Show Cause Order and because "there is a high likelihood of [him] prevailing" on the merits. Pl.'s Mot. at 3; see also Pl.'s Initial Resp. at 2 (urging the Court, "as a matter of justice," to "allow this case to proceed on the merits"). These arguments are unavailing.

Whether to grant a motion for reconsideration under RCFC 59(a) lies within the sound discretion of the court. Yuba Nat. Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). The moving party must make "a showing of extraordinary circumstances which justify relief." Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004)). To meet this high standard, the moving party typically "must show either that an intervening change in controlling law has occurred, evidence not previously available has become available, or that [granting] the motion is necessary to prevent manifest injustice." CBS Corp. v. United States, 75 Fed. Cl. 498, 501 (2007) (quoting Bishop v. United States, 26 Cl. Ct. 281, 286 (1992)). "Where a party seeks reconsideration on the

ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is 'apparent to the point of being almost indisputable.'" Griffin v. United States, 96 Fed. Cl. 1, 7 (2010) (quoting Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006), rev'd on other grounds, 536 F.3d 1282 (Fed. Cir. 2008)).

Plaintiff does not identify either a change in law or previously unavailable evidence that would justify granting his motion. See generally Pl.'s Initial Resp; Pl.'s Mot. Plaintiff instead contends that the Court's Order of Dismissal was manifestly unjust in part because Mr. Eisenberg never received notice of the 2022 Show Cause Order and therefore did not know that the Court expected a response. See Pl.'s Mot. at 1–3, 7–8. This argument fails for the reasons the Court provided above—namely, that even if the Court credited Mr. Eisenberg's implausible claim that he never received email notification of the 2022 Show Cause Order, Mr. Eisenberg had an obligation to monitor the docket, especially after Plaintiff moved for an enlargement of time well beyond the filing deadline.

The Court is not unsympathetic to Plaintiff, which is why it has forgiven Mr. Eisenberg's repeated errors until now. See, e.g., Order at 2, ECF No. 77. But "the client is normally responsible for the malfeasance of the attorney." Sneed v. McDonald, 819 F.3d 1347, 1351 (Fed. Cir. 2016) (citing Maples v. Thomas, 565 U.S. 266, 280–81 (2012)); see also Pioneer Inv., 507 U.S. at 396 (explaining that, in many instances, "clients must be held accountable for the acts and omissions of their attorneys"); Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962) (finding "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client"). And for good reason: failing to prosecute a case or to comply with a court's orders will frequently be the fault of a party's attorney, but if the consequences of these errors were rarely visited upon the party, it would have little incentive to police its attorney's conduct, and the court would have little recourse for ensuring finality among cases beset by inexcusable delay. See Marotte v. United States, No. 531-79, 1997 WL 881208, at *47 (Fed. Cl. Sept. 30, 1997) ("If the lawyer's neglect protected the client from ill consequences, neglect would become all too common." (quoting Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir. 1986))).

Moreover, Plaintiff does not argue that he "relied on the erroneous advice of counsel concerning a question of law." See United States v. Boyle, 469 U.S. 241, 250 (1985). If that were the case, the Court might not impute Mr. Eisenberg's mistakes to his client. See id. Here, however, Mr. Eisenberg erred by repeatedly losing track of express deadlines. See, e.g., 2021 Show Cause Order; 2022 Show Cause Order. These errors were readily discoverable. Indeed, Mr. Eisenberg states that he shared the Court's show cause orders with Plaintiff, see Statement of Compliance at 1; Pl.'s Initial Resp. at 1, and emphasized at the oral argument that he had kept Plaintiff apprised continuously of all developments in this case, Oral Arg. at 32:49–33:27, 34:04–34:15. Therefore, and regrettably, Plaintiff must bear the costs of Mr. Eisenberg's inexcusable neglect. See Boyle, 469 U.S. at 251–52; Link, 370 U.S. at 633–34.

Finally, Plaintiff has not demonstrated that the merits of his case are so strong that dismissing it was manifestly unjust. See Pl.'s Mot. at 3–5. The Court has remanded this case to the BCNR three times, see ECF Nos. 7, 43, 77, and each time the BCNR denied Plaintiff relief, see ECF Nos. 22, 53, 79–80. In addition, the government has previously filed a reasoned cross-MJAR, see ECF No. 72, and would presumably do so again. The Court cannot say,

therefore, that its Order of Dismissal denied Plaintiff an obvious or "almost indisputable" right to relief from the BCNR's decisions. See Griffin, 96 Fed. Cl. at 7. Nor does the Court find relevant Plaintiff's argument that resolving a case "on the merits is favored over default judgment." See Gov't Servs. Corp. v. United States, 130 Fed. Cl. 795, 798 (2017) (quoting Info. Sys. & Networks Corp. v. United States, 994 F.2d 792, 795 (Fed. Cir. 1993)); see also Pl.'s Mot. at 7 (quoting Info. Sys. & Networks Corp., 994 F.2d at 795). Plaintiff was not served with a counterclaim and is not faced with a default judgment. Rather, Mr. Eisenberg failed to prosecute Plaintiff's affirmative case.

In sum, Plaintiff has not shown exceptional or extraordinary circumstances justifying relief under RCFC 59(a). To the extent that Plaintiff also seeks relief under RCFC 60(b)(6) based on the arguments he made in his RCFC 59(a) motion, see Pl.'s Mot. at 1–2, the Court will deny relief for the reasons it has already provided. Like RCFC 59(a), RCFC 60(b)(6) "is an avenue to secure 'extraordinary relief . . . which may be granted only in exceptional circumstances.'" Wagstaff v. United States, 595 F. App'x 975, 978 (Fed. Cir. 2014) (quoting Sioux Tribe of Indians v. United States, 14 Cl. Ct. 94, 101 (1987)); see also Dean v. United States, 17 Cl. Ct. 852, 854 (1989) (providing that a movant must point to "rare, unusual, or extraordinary circumstances which would justify relief" from judgment under RCFC 60(b)(6)). To find that Plaintiff identified exceptional or extraordinary circumstances entitling him to relief under RCFC 60(b)(6) but not RCFC 59(a) "would be nonsensical." See Young v. United States, 94 Fed. Cl. 671, 676 (2010).

## CONCLUSION

Plaintiff has not demonstrated that Mr. Eisenberg's persistent failure to meet the Court's filing deadlines—including his most recent failure to respond to the 2022 Show Cause Order—was the result of excusable neglect. Nor has Plaintiff shown that the Court must reopen this case to prevent manifest injustice. Accordingly, Plaintiff's motion for relief from judgment and for reconsideration, ECF No. 88, is **DENIED**.


**IT IS SO ORDERED.**


s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge